GASKINS, J.
|gThe defendant, Sunil Abeku Kumar, filed an application for a supervisory writ of review following his misdemeanor conviction for violation of a protective order. He argued that the trial court erred in denying his motion to quash the charge against him and in finding him guilty of the charged offense. This court granted the writ application and placed the matter on the appellate docket for decision. For the following reasons, we affirm the trial court judgment denying the defendant’s motion to quash and we affirm the defendant’s conviction and sentence.
FACTS
The record shows that on July 19, 2009, the defendant was arrested and charged with the second degree battery of Rebecca Pender, a former girlfriend, after beating her, which resulted in serious bodily injury. On December 22, 2009, the defendant was released from jail on a bond of $75,184. The bond provided as follows:
The defendant/Principal SUNIL ABEKE KUMAR having been arrested for the crime set out below:
SECOND DEGREE BATTERY (14:34.1)
and admitted to bail in the sum shown below, and who together with
INTERNATIONAL FIDELITY INS CO
in order to obtain the Defendant’s condi- . tional release, both do hereby undertake that the above named Defendant will: Appear at all stages of the proceedings in the 1st Judicial District Court or any other court before which he may be prosecuted to answer this charge or any related charge; Will submit himself to the orders and process of the court; Will not leave the State of Louisiana without written permission of the court, and Will abide by the following conditions of the defendant’s release, if any, ordered by the court:
S/C: NO CONTACT WITH VICTIM
Ms. Pender got off work in the early morning hours of December 24, 2009, and went home to the apartment she shared with her five-year-old daughter and her mother. The defendant began telephoning Ms. Pender. She called the police. Thinking that she saw a police car in the parking lot, Ms. Pender stepped outside the apartment. What she actually saw was a taxi cab transporting the defendant. According to Ms. Pender, the defendant got out of the cab and started walking *547 toward her. She hastily retreated into the apartment. She stated that the defendant beat on the door and tried to open it.
[¡¡Officers Steve Masson and Donald Henry of the Shreveport Police Department responded to the call. They contacted Ms. Pender, who was upset. They spotted the taxi cab driving through the parking lot and flagged it down. The defendant was asked to step out of the cab. The officers stated that the defendant was intoxicated and he was told not to return to the apartment complex.
Ms. Pender later contacted the District Attorney’s office regarding the incident and, on the basis of the special condition of bail that the defendant have no contact with the victim, a warrant was issued for the defendant’s arrest for violation of a protective order. The defendant was charged by bill of information with one count of violation of a protective order in contravention of La. R.S. 14:79. The bill of information alleges that the defendant “willfully disobeyed an order issued by a state, federal, parish, city, or magistrate judge, commissioner, or justice of the peace that he stay away from a specific person, to wit: Rebecca P[e]nder, as a condition of his release on bond.”[1]
The defendant filed a motion to quash, arguing that there was no protective order in place as required by La. C. Cr. P. art. 827.1 and La. R.S. 46:2136.2. On August 6, 2010, the defendant appeared before the trial court for argument on the motion to quash and for trial of the misdemeanor charge of violation of a protective order. The trial court denied the motion to quash and, after the presentation of the evidence against the defendant, found him guilty as charged. The defendant was sentenced to serve six months in the parish jail with credit for time served and was ordered to pay a fine of $500 and court costs or to serve 60 days in jail. The 60 days were ordered to be served concurrently with the six months in the parish jail.
The defendant filed an application for a supervisory writ of review -with this court, arguing that the trial court erred in denying his motion to quash and erred in finding him guilty of violation of a protective order under La. R.S. 14:79. On October 8, 2010, we granted the writ application, ordered the trial court to forward the record to this court and directed the [¿parties to file briefs; the matter was submitted for decision on the appellate docket of this court.
VIOLATION OF PROTECTIVE ORDER
The defendant contends that there was no valid protective order against him as required by La. C. Cr. P. art. 327.1 and La. R.S. 46:2136.2. Therefore, he argues that the trial court erred in denying his motion to quash and in finding him guilty of violation of a protective order under La. R.S. 14:79. These arguments are without merit.
Legal Principles
The motion to quash is essentially a mechanism by which to raise pretrial pleas of defense, i.e., matters which do not go to the merits of the charge. La. C. Cr. P. art. 531-534; State v. Armstard, 43,333 (La.App.2d Cir.8/13/08), 991 So.2d 116, writ denied, 2008-2440 (La.1/16/09), 998 So.2d 89, cert. denied, — U.S.-, 129 S.Ct. 2799, 174 L.Ed.2d 292 (2009). In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of *548 law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Armstard, supra.
There is an exception to the general rule that a motion to quash is essentially a mechanism by which to raise pretrial pleas of defense, i.e., those matters which do not go to the merits of the charge. In cases in which the state cannot establish an essential element of the offense under any set of facts conceivably provable at trial, the motion to quash is the proper procedural vehicle. State v. Armstard, supra.
An appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion. State v. Love, 2000-3347 (La.5/23/03), 847 So.2d 1198; State v. Armstard, supra.
According to the rules of statutory construction of criminal statutes in this state, the starting point in the interpretation of any statute is the language of the statute itself. The articles of the criminal code cannot be extended by 1 .^analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision. La. R.S. 14:3; State v. Shaw, 2006-2467 (La.11/27/07), 969 So.2d 1233; State v. Armstard, supra. Further, although criminal statutes are subject to strict construction under the rule of lenity, the rule is not to be applied with such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which purpose is to ascertain and enforce the true meaning and intent of the statute. State v. Shaw, supra; State v. Armstard, supra. Consequently, a criminal statute, like all other statutes, should be interpreted so as to be in harmony with and to preserve and effectuate the manifest intent of the legislature; an interpretation should be avoided which would operate to defeat the object and purpose of the statute. What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Therefore, where the words of a statute are clear and free from ambiguity, they are not to be ignored under the pretext of pursuing their spirit. State v. Armstard, supra, and cases cited therein.
The defendant was charged with violation of La. R.S. 14:79, which provides in pertinent part:
A. (l)(a) Violation of protective orders is the willful disobedience of a preliminary or permanent injunction or protective order issued pursuant to R.S. 9:361 et seq., R.S. 9:372, R.S. 46:2131 et seq., R.S. 46:2151, Children’s Code Article 1564 et seq., Code of Civil Procedure Articles 3604 and 3607.1, or Code of Criminal Procedure Articles, 327.1, 335.1 and 871.1 after a contradictory court hearing, or the willful disobedience of a temporary restraining order or any ex parte protective order issued pursuant to R.S. 9:361 et seq., R.S. 9:372, R.S. 46:2131 et seq., R.S. 46:2151, criminal stay-away orders as provided for in Code of Criminal Procedure Articles 327.1, and 335.1 Children’s Code Article 1564 et seq., or Code of Civil Procedure Articles 3604 and 3607.1, if the defendant has been given notice of the temporary restraining order or ex parte protective order by service of process as required by law.
*549 [[Image here]]

(3) Violation of protective orders shall also include the willful disobedience of the following:

\fa) An order issued by any state, federal, parish, city, or municipal court judge, magistrate judge, commissioner or justice of the peace that a criminal defendant stay away from a specific person or persons as a condition of that defendant’s release on bond.

[[Image here]]
B. (1) On a first conviction for violation of protective orders which does not involve a battery to the person protected by the protective order, the offender shall be fined not more than five hundred dollars or imprisoned for not more than six months, or both. [Emphasis supplied.]
La. C. Cr. P. art. 335.1 provides in pertinent part:
A. (1) In determining conditions of release of a defendant who is alleged to have committed an offense against the defendant’s family or household member, as defined in R.S. 46:2132(4), or against the defendant’s dating partner, as defined in R.S. 46:2151, or who is alleged to have committed the offense of domestic abuse battery under the provisions of R.S. 14:35.3, or who is alleged to have committed the offense of stalking under the provisions of R.S. 14:40.2, the court shall consider whether the defendant poses a threat or danger to the victim. If the court determines that the defendant poses such a threat or danger, it shall require as a condition of bail that the defendant refrain from going to the residence or household of the victim, the victim’s school, and the victim’s place of employment or otherwise contacting the victim in any manner whatsoever, and shall refrain from having any further contact with the victim.
La. C. Cr. P. art. 327.1 states:
If, as part of a bail restriction, an order is issued for the purpose of preventing violent or threatening acts or harassment against, or contact or communication with or physical proximity to, another person for the purpose of preventing domestic abuse or dating violence, the judge shall cause to have prepared a Uniform Abuse Prevention Order, as provided in R.S. 46:2136.2(0, shall sign such order, and shall forward it to the clerk of court for filing, all without delay. The clerk of the issuing court shall transmit the Uniform Abuse Prevention Order to the Louisiana Protective Order Registry, R.S. 46:2136.2(A), by facsimile transmission, mail, or direct electronic input, where available, as expeditiously as possible, but no later than the end of the next business day after the order is filed with the clerk of court.
La. R.S. 46:2136.2 provides in pertinent part:
[yA. In order to provide a statewide registry for abuse prevention orders to prevent domestic and dating violence and to aid law enforcement, prosecutors and the courts in handling such matters, there shall be created a Louisiana Protective Order Registry administered by the Judicial Administrator’s Office, Louisiana Supreme Court. The Judicial Administrator’s Office shall collect the data transmitted to it from the courts of the state and enter it into the Louisiana Protective Order Registry.
B. The Louisiana Protective Order Registry encompasses temporary restraining orders, protective orders, preliminary injunctions, permanent injunctions, and court-approved consent agreements resulting from actions brought pursuant to R.S. 46:2131 et *550 seq., R.S. 46:2151, R.S. 9:361 et seq., R.S. 9:372, Children’s Code Article 1564 et seq., Code of Civil Procedure Article 3607.1, or peace bonds pursuant to Code of Criminal Procedure Article 30(B), or as part of the disposition, sentence, or bail condition of a criminal matter pursuant to Code of Criminal Procedure Article 327.1 or Article 871.1 as long as such order is issued for the purpose of preventing violent or threatening acts or harassment against, contact or communication with, or physical proximity to, another person to prevent domestic abuse or dating violence.
[[Image here]]
D. The clerk of the issuing court shall send a copy of the order or any modification thereof to the Louisiana Protective Order Registry as expeditiously as possible but no later than by the end of the next business day after the order is filed with the clerk of court. Transmittal of the Uniform Abuse Prevention Order may be made by facsimile transmission, mail, or direct electronic input, where available, as expeditiously as possible, but no later than the end of the next business day after the order is filed with the clerk of court.
[[Image here]]
Discussion
As illustrated by the statutory scheme outlined above, the legislature has taken extensive measures to provide a framework for protecting victims of domestic abuse and dating violence. As a condition of bail, the trial court may require a defendant to stay away from the victim. The legislature has instituted procedures for the issuance of Abuse Prevention Orders and for the central registry of such orders to aid law enforcement, prosecutors, and courts in enforcing such orders and preventing further abuse.
| sThe defendant was convicted of violating La. R.S. 14:79. The statute was originally enacted in 1983 and the crime was defined as the willful disobedience of a preliminary or permanent injunction or protective order issued pursuant to La. R.S. 9:306 or La. 46:2131 et seq. after a contradictory court hearing.[2] See Acts 1983, No. 497, § 1. The definition of the offense was amended in 1987 and again in 1994. See Acts 1987, No. 268, § 1 and Acts 1994, 3rd Ex.Sess. No. 7, § 1. Also in 1994, the legislature added La. C. Cr. P. art. 335.1 which allowed the imposition of a stay-away order as a condition of bail in certain circumstances.
In 1999, the legislature amended La. R.S. 14:79 to include among the definitions of a violation of the offense criminal stay-away orders provided for in La. C. Cr. P. art. 327.1, set forth above, which addresses bail restrictions and their transmission to the Louisiana Protective Order Registry. See Acts 1999, No. 1200, § 1. Interestingly, also in 1999, the legislature added La. R.S. 14:79(A)(3), which provides that violation of protective orders shall additionally include the willful disobedience of an order issued by any state, federal, parish, city, or municipal court judge, magistrate judge, commissioner, or justice of the peace that a criminal defendant stay away from a specific person or persons as a condition of that defendant’s release on bond. See Acts 1999, No. 659, § 1. This is the section *551 of La. R.S. 14:79 that the defendant was charged with violating in the bill of information.
This action by the legislature, in amending and expanding the definition of conduct prohibited by La. R.S. 14:79(A)(l)(a), shows that when a stay-away order is made a condition of bail in cases of domestic abuse or dating violence, the trial court is to enter an Abuse Prevention Order and to transmit it to the Louisiana Protective Order Registry. However, the legislature also provided that the willful disobedience of a condition of bail that the defendant stay away from a person or persons will also result in a violation of La. R.S. 14:79(A)(3)(a) without the entry of an |sAbuse Prevention Order and without reference to domestic abuse or dating violence. The statutory scheme shows that the legislature, through the fair import of the words of the statute, intended to give broad protection to all victims of violence. The words of the statute are clear and free from ambiguity and we will apply them as written.
At the trial of this matter, the state showed that the defendant was ordered to stay away from Ms. Pender as a condition of his release on bail for the charge of second degree battery. The testimony of Ms. Pender and Shreveport Police Officers Steve Masson and Donald Henry clearly established that, after his release on bond for the second degree battery of Ms. Pender, the defendant called the victim, went to her apartment, beat on her door, and tried to enter the dwelling. The law enforcement officers who responded to Ms. Pender’s 911 call found the defendant in a taxi cab on the parking lot of the apartment complex and ordered him to leave and not return.
In addition, in connection with the motion to quash which was considered immediately prior to the trial of this matter, the state presented the testimony of Vickie Johnson, a deputy with the Caddo Parish Sheriffs Office, working in the fines and bonds division. Deputy Johnson testified that special conditions are placed on the bond documents and the defendant is made aware of the conditions before he signs the bond. The state introduced into evidence a copy of the defendant’s bond showing the special condition that he stay away from the victim. The document is signed by the defendant. The parties stipulated that, at the trial on the merits, Deputy Johnson’s testimony would have been the same as that presented at the motion to quash.
The stay-away order instituted as a condition of bail was sufficient to constitute a protective order under La. R.S. 14:79(A)(S). Under this portion of La. R.S. 14:79, there were no requirements for the entry or registry of an Abuse Prevention Order. The evidence shows that the defendant had notice that he was under a court order to stay away from the victim as a condition of his release on bond and that he violated that order. Based upon this record, the state established all the elements necessary to convict the defendant of violation of a protective order under La. R.S. 14:79(A)(3). The |intrial court did not err in denying the defendant’s motion to quash or in finding the defendant guilty of the charged offense. The defendant’s conviction and sentence are affirmed.
CONCLUSION
For the reasons stated above, we affirm the trial court judgment denying the defendant’s motion to quash. We also affirm the defendant’s conviction and sentence for violation of a protective order.
AFFIRMED.

. At some points in the record, the victim’s last name is spelled "Pinder.” In the trial transcript, her name is spelled "Pender.” That is the spelling used in this opinion.

. La. R.S. 9:306, relating to injunctions against spousal abuse, was repealed by Acts 1990, No. 1009, § 9, effective January 1, 1991. For the subject matter of prior R.S. 9:306, see now La. R.S. 9:372. The current version of La. R.S. 9:306 allows the court to order divorcing parties to attend a court-approved seminar designed to educate and inform them of the needs of their children. La. 46:2131 et seq. is part of the Protection from Family Violence Act.